MATTHEW MCLEOD, Appl't., *vs.* MARTIN AMERO and Trustee.

Oxford.    Opinion November 3, 1912.

*Assumpsit.   Exceptions.   Mutual Consent.   Notice.   Repairs.   Tenancy.
Termination.   Use and Occupation.*

Assumpsit for use and occupation of tenement, heard before the presiding
Justice without the intervention of a jury.

*Held:*

1. That exceptions do not lie to the decision of a presiding Justice on ques-
tions of fact unless the only inference to be drawn from the evidence is a
contrary one.

2. A tenancy at will may be determined, either by thirty days' notice in
writing for the purpose, or by mutual consent.

3. No statutory notice in writing having been given, the burden of proof
was on the defendant to show that the tenancy was determined by mutual
consent, or that the plaintiff had resumed possession under an agreement
which discharged the defendant from further liability for rent.

On exceptions by defendant.   Exceptions overruled.

This is an action of assumpsit for use and occupation of a certain
tenement situated in Mexico, in the County of Oxford, for one
month from September 1, 1912, to October 1, 1912.   The action
was brought in the Rumford Falls Municipal Court and returnable
at the November Term of said court, 1912.   The defendant plead
the general issue and judgment was rendered by said court for the
defendant for his costs of suit, from which judgment the plaintiff
appealed to the March Term, 1913, of the Supreme Judicial Court
for said County.   At the May Term, 1913, this action was submitted
by agreement of counsel to the presiding Justice, without the inter-
vention of a jury, with the right of exceptions by either party.

At the conclusion of the evidence, the presiding Justice ordered
a verdict for the plaintiff for the sum of fifteen dollars and interest
from the date of the writ, to which order of said Justice the defend-
ant excepted.

The case is stated in the opinion.

*Lucian W. Blanchard,* for plaintiff.

*Albert Beliveau,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, BIRD, PHILBROOK, JJ.

CORNISH, J.    This is an action of assumpsit for use and occupation of a certain tenement from September 1, 1912, to October 1, 1912.    By agreement of parties the case was heard by the presiding Justice, without the intervention of a jury, and with right of exception, which, of course, means right of exception in matters of law.

The defendant claimed that the tenancy was terminated by mutual consent on August 31, 1912, when he vacated the premises and delivered the key to the plaintiff, and further that the plaintiff had accepted possession of the premises by entering to make repairs during the latter part of September.

On both these issues the presiding Justice found in favor of the plaintiff and on the defendant's exceptions to these findings, the case is before this court.

The exceptions must be overruled because it is elementary law that the decision of a presiding Justice on questions of fact submitted to him is conclusive and exceptions do not lie to his findings, unless the only inference to be drawn from the evidence is a contrary one.    *Hazen* v. *Jones,* 68 Maine, 343; *Pettengill* v. *Shoenbar,* 84 Maine, 104; *Shrimpton* v. *Pendexter,* 88 Maine, 556; *Water Co.* v. *Steam Towage Co.,* 99 Maine, 473

It is proper, however, to add that an examination of the evidence and of the carefully prepared findings of the presiding Justice convinces us of the correctness of those findings under the well established principles of law.

A tenancy at will may be determined either by thirty days' notice in writing or by mutual consent.    R. S., chap. 96, sec. 2.    The creation of the tenancy being admitted in this case, the defendant was prima facie liable for the month's rent, and no statutory notice having been given, the burden of proof was on him to show that the tenancy was determined by mutual consent or that the plaintiff had resumed possession under an agreement which discharged the defendant from further liability for rent.    *Whitney* v. *Gordon,* 1 Cush., 266; *Thomas* v. *Steamship Co.,* 71 Maine, 548.

The evidence, instead of establishing either of these contentions, tends to prove the contrary.    The finding of the presiding Justice was correct.    *Withers* v. *Larrabee,* 48 Maine, 570; *Oldewurtel* v. *Wissenfield,* 97 Md., 165, 54 At., 969.

*Exceptions overruled.*